STANLEY W. FAIRMAN AND CHARLOTTE W. FAIRMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fairman v. Commissioner
Docket No. 8213-71.
United States Tax Court
T.C. Memo 1973-229; 1973 Tax Ct. Memo LEXIS 56; 32 T.C.M. (CCH) 1084; T.C.M. (RIA) 73229; October 17, 1973, Filed Stanley W. Fairman, pro se. Wayne A. Smith, for the respondent. FAY
MEMORANDUM *58 OPINION FAY, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1968 in the amount of $2,903.52. The only issue for disposition is whether Westwood Heights, Inc. (hereinafter referred to as Westwood Heights or as the corporation), a subchapter S corporation, shall be permitted to use a loss purportedly sustained by the corporation pursuant to petitioners' complete liquidation of the corporation to reduce the taxable income attributable to 2 petitioners from Westwood Heights in 1968 under section 1373 of the Internal Revenue Code of 1954. [1]
All of the facts have been stipulated; the stipulation of facts and the exhibits attached thereto have been incorporated by this reference. Petitioners, Stanley W. Fairman and Charlotte W. Fairman, are husband and wife whose legal residence at the time of the filing of the petition herein was Phoenix, Arizona. Petitioners filed a joint Federal income tax return for the calendar year 1968 with the district director of internal revenue at Ogden, Utah. Charlotte W. *59 Fairman is a petitioner herein solely by reason of having filed a joint return with her husband. Hereinafter, references to "petitioner" are to Stanley W. Fairman. In 1954, Joseph Lando (Lando), Frank Bonady (Bonady), and petitioner incorporated Westwood Heights in the State of New York to develop and sell residential property in Corning, New York. Bonady died in 1959. Bonady's stock in Westwood Heights was redeemed from his estate by the corporation. This redemption transaction resulted in a long-term capital gain of approximately $12,000 to Bonady's estate. The excess of the redemption price paid to Bonady's estate over the cost of the Westwood Heights stock to Bonady (which cost together with the aggregate costs of the remaining Westwood Heights stock to Lando and petitioner comprised the total capital stock figure 3 reflected on Westwood Heights' balance sheet) was debited to the corporation's earned surplus account. The corporation's earned surplus as of September 1, 1959, was in the negative amount of $9,409.05. In 1963, Westwood Heights elected to be taxed as a small business corporation under section 1372. This election was in effect at the time the corporation *60 was liquidated during its fiscal year ended August 31, 1968. Petitioner purchased Lando's Westwood Heights stock in 1967 for $10,000. Petitioner was the sole shareholder of Westwood Heights subsequent to his acquisition of Lando's interest. Petitioner liquidated Westwood Heights in 1968 and was the recipient of Westwood Heights' final liquidating distribution. Westwood Heights did not adopt a plan of complete liquidation within the provisions of section 337. Petitioner's basis in his Westwood Heights stock at the time of the corporation's liquidation was $19,187.72 and was computed as follows: Petitioner's 1/3 interest in original land exchanged for stock
$8,187.72
Additional case in 1954
1,000.00
Cash for Lando's stock in 1967
10,000.00
Total
$19,187.72
The aggregate fair market value of the properties received 4 by petitioner pursuant to Westwood Heights' liquidation was $22,668.81 and was computed as follows: PROPERTY TRANSFERRED TO PETITIONER PURSUANT TO WESTWOOD HEIGHTS" COMPLETE LIQUIDATION ASSETS
Book Value
Fair Market Value Cash
$ 69.62
$ 69.62
Land
607.00
[1] 3,000.00
Land development costs
1,184.78
Loans receivable - S. Fairman
20,625.00
20,625.00
LIABILITIES
Accounts payable - curbing
265.40
Taxes payable
435.08
Loans payable - S. Fairman
250.00
Loans payable - S. Fairman
75.33
(1,025.81)
Net value transferred
$22,668.81
*61 The record does not reflect Westwood Heights' adjusted basis in the land assets transferred to petitioner pursuant to Westwood Heights' complete liquidation in 1968. However, the record does reflect that Westwood Heights' book value 5 for the assets (including the land) transferred to petitioner pursuant to Westwood Heights' complete liquidation in 1968, did not exceed the fair market value of these assets. The amount of Westwood Heights, undistributed taxable income that is includable in petitioner's gross income for 1968 under section 3173 is $14,696.90. Petitioner sustained a capital loss of $11,215.81 under section 331(a) (1) pursuant to the liquidation of Westwood Heights. This capital loss was a long-term loss, and offset completely petitioner's 1968 long-term capital gain of $1,201.36. Petitioner sustained a net capital loss of $10,016.92 (including a $2.47 short-term capital loss) for the calendar year 1968. Petitioner's long-term capital loss carryover to taxable years subsequent to 1968 was $9,016.92. The sole issued raised by the parties is whether a subchapter S corporation's *62 loss sustained pursuant to its complete liquidation is recognizable under section 1002 at the corporate level for purposes of determining the sole shareholder's undistributed taxable income from the subchapter S corporation under section 1373 for the year in which the liquidation occurred. The relevant provisions of subchapter S for purposes of the instant case may be summarized as follows: Section 1373 provides that a subchapter S corporation is not subject to the corporate income tax; instead, the corporation's income, whether 6 distributed or not, is passed through and taxed to the (shareholders), [2] Section 1374 provides that a subchapter S corporation's net operating losses are passed through to the (shareholders), each of whom may use his share of the loss (up to the aggregate basis of his equity and debt investment in the corporation) to offset his income from sources other than the 7 subchapter S corporation. [3] Section 3176 provides that a 8 subchapter S corporation's stockholder's basis for his stock is increased by his taxable share of the corporation's undistributed taxable income, and is decreased by the amount of previously taxed income that is distributed *63 to him. [4]
*64 Respondent contends in the instant case that Westwood Heights' undistributed taxable income for 1968 is $14,696.90, and that section 336 [5] precludes the reduction of the $14,696.90 at the corporate level by any loss which may have been sustained by Westwood Heights on its complete liquidation in 1968. Petitioner contends that Westwood Heights should be permitted to recognize the alleged loss which he contends was sustained by it pursuant to its complete liquidation in 1968. Although we are persuaded that section 336 is properly applicable to preclude recognition of gains or losses sustained 9 by a subchapter S corporation pursuant to its complete liquidation, [6] we have concluded that the disposition of the instant case is not contingent upon the resolution of this issue. In other words, the applicability of section 336 in the instant case is a valid issue only if Westwood Heights did realize a loss under section 1001 pursuant *65 to its complete liquidation. Section 1001 [7] provides that the loss realized from the sale or other disposition of property shall *66 be the excess of 10 the adjusted basis over the amount realized. After having carefully examined the record, we can find no evidence whatsoever that would establish that Westwood Heights did, in fact, realize a loss pursuant to its complete liquidation in 1968. The record does not reflect Westwood Heights' adjusted basis in the assets (including the land) transferred to petitioner pursuant to Westwood Heights' complete liquidation. Accordingly, since petitioner has the burden of providng that respondent's deficiency determination is inaccurate, Welch v. Helvering, 290 U.S. 111 (1933), and since petitioner has not established that Westwood Heights did realize a loss pursuant to its complete liquidation in 1968, we must uphold respondent's deficiency determination. Moreover, even if we were to assume for the sake of argument that Westwood Heights' book value for its assets corresponded to its adjusted basis for these assets for purposes of the section 1001 computation, we would still be unable to conclude that Westwood Heights did sustain a realized loss pursuant to its 1968 complete liquidation. The record reflects that Westwood Heights' book value for the assets transferred *67 to petitioner in 1968 did not exceed the fair market value of the assets. Thus, the substitution of book value for adjusted basis in the section 1001 computation would also not produce a realized loss and, thus, is of no avail to petitioner's cause. Accordingly, since petitioner has failed to establish that 11 Westwood Heights did realize a loss pursuant to its complete liquidation in 1968, we sustain respondent's deficiency determination. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated. ↩
1. Value based on taxpayer's statement as to potential selling price of two lots.↩
2. SEC. 1373. CORPORATION UNDISTRIBUTED TAXABLE INCOME TAXED TO SHAREHOLDERS. (a) General Rule. - The undistributed taxable income of an electing small business corporation for any taxable year shall be included in the gross income of the shareholders of such corporation in the manner and to the extent set forth in this section. (b) Amount Included in Gross Income. - Each person who is a shareholder of an electing small business corporation on the last day of a taxable year of such corporation shall include in his gross income, for his taxable year in which or with which the taxable year of the corporation ends, the amount he would have received as a dividend, if on such last day there had been distributed pro rata to its shareholders by such corporation an amount equal to the corporation's undistributed taxable income for the corporation's taxable year. For purposes of this chapter, the amount so included shall be treated as an amount distributed as a dividend on the last day of the taxable year of the corporation. (c) Undistributed Taxable Income Defined. - For purposes of this section, the term "undistributed taxable income" means taxable income (computed as provided in subsection (d)) minus the sum of (1) the tax imposed by section 1378(a) and (2) the amount of money distributed as dividends during the taxable year, to the extent that any such amount is a distribution out of earnings and profits of the taxable year as specified in section 316(a) (2). ↩
3. SEC. 1374. CORPORATION NET OPERATING LOSS ALLOWED TO SHAREHOLDERS. (a) General Rule. - A net operating loss of an electing small business corporation for any taxable year shall be allowed as a deduction from gross income of the shareholders of such corporation in the manner and to the extent set forth in this section. (b) Allowance of Deduction. - Each person who is a shareholder of an electing small business corporation at any time during a taxable year of the corporation in which it has a net operating loss shall be allowed as a deduction from gross income, for his taxable year in which or with which the taxable year of the corporation ends (or for the final taxable year of a shareholder who dies before the end of the corporation's taxable year), an amount equal to his portion of the corporation's net operating loss (as determined under subsection (c)). (c) Determination of Shareholder's Portion. - * * * (2) Limitation. - A shareholder's portion of the net operating loss of an electing small business corporation for any taxable year shall not exceed the sum of - (A) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of the shareholder's stock in the electing small business corporation, determined as of the close of the taxable year of the corporation (or, in respect of stock sold or otherwise disposed of during such taxable year, as of the day before the date of such sale or other disposition), and (B) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of any indebtedness of the corporation to the shareholder, determined as of the close of the taxable year of the corporation (or, if the shareholder is not a shareholder as of the close of such taxable year, as of the close of the last day in such taxable year on which the shareholder was a shareholder in the corporation). ↩
4. SEC. 1376. ADJUSTMENT TO BASIS OF STOCK OF, AND INDEBTEDNESS OWING SHAREHOLDERS. (a) Increase in Basis of Stock for Amounts Treated as Dividends. - The basis of a shareholder's stock in an electing small business corporation shall be increased by the amount required to be included in the gross income of such shareholder under section 1373(b)↩, but only to the extent to which such amount is included in his gross income in his return, increased or decreased by any adjustment of such amount in any redetermination of the shareholder's tax liability. 5. SEC. 336. GENERAL RULE. Except as provided in section 453(d) (relating to disposition of installment obligations), no gain or loss shall be recognized to a corporation on the distribution of property in partial or complete liquidation. ↩
6. Sec. 1372 merely provides that an electing subchapter S corporation is not subject to the taxes imposed by chapter 1 of the Internal Revenue Code of 1954 (i.e., chapter 1 pertains to "normal taxes and surtaxes"). Sec. 336 does not impose a tax, but simply provides for nonrecognition of gains or losses that have been realized under sec. 1001 and that, if not for sec. 336, would otherwise be recognized under sec. 1002. Since sec. 336 does not impose a chapter 1 tax, sec. 1372 technically does not authorize an electing subchapter S corporation to elect out of sec. 336. Thus, sec. 336 is "not inconsistent" with the provisions of subchapter S and is properly applicable to preclude recognition of gains or losses of a completely liquidated subchapter S corporation. Accordingly we believe that sec. 336 precludes the recognition of the loss sustained by Westwood Heights pursuant to its complete liquidation in 1968. Sec. 1.1372-1(c), Income Tax Regs.↩, and Bittker and Eustice, Federal Income Taxation of Corporations and Shareholders, para. 6.09 (1971). 7. Sec. 1001 provides in pertinent part as follows: SEC. 1001. DETERMINATION OF AMOUNT OF AND RECOGNITION OF GAIN OR LOSS. (a) Computation of Gain or Loss. - The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized. ↩